**E-FILED**
Monday, 04 June, 2012  12:00:46 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRANDON JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3025 |
| | ) | |
| ROBERT REDPATH and | ) | |
| NEIL WILLIAMSON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Sangamon County Jail, pursues an excessive force claim.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be

1

granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., quoting Bell Atlantic, 550 U.S. at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the

misconduct alleged . . . .   Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic, 550

U.S. at 555-56.  However, pro se pleadings are liberally construed when

applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir.

2009).

## ANALYSIS

On December 12, 2011, Plaintiff was detained at the Sangamon

County Jail, where he remains detained.  That day, Plaintiff got into an

argument with Officer Robert Redpath regarding whether Plaintiff had

received his lunch tray.  Plaintiff went to speak to officers in the control

room about the problem, which allegedly sparked Officer Redpath to

"storm back in" and yell at Plaintiff.  Plaintiff told Officer Redpath to get

out of Plaintiff's face, whereupon Redpath allegedly started choking

Plaintiff.  Plaintiff then hit Redpath.  Redpath let go of Plaintiff and

ordered everyone on to the ground.  Plaintiff allegedly complied, lying

face down on the floor with his hands behind his back.  Officer Redpath

then allegedly hit Plaintiff in the head with something and punched and

kicked Plaintiff in his face and ribs.  Plaintiff was allegedly taken to the

hospital and received stitches.

Plaintiff is presumably a pretrial detainee, which means that his

claim arises from the Fourteenth Amendment's due process clause, not

the Eighth Amendment's prohibition against cruel and unusual

punishment.  The exact legal standard for an excessive force claim under

the due process clause is subject to reasonable debate.  See Forrest v.

Prine, 620 F.3d 739, 744 (7th Cir. 2010)("The Fourteenth Amendment

right to due process provides at least as much, and probably more,

protection against punishment as does the Eighth Amendment's ban on

cruel and unusual punishment."); Lewis v. Downey, 581 F.3d 467, 474

(7th Cir. 2009)(in an excessive force claim, due process clause prohibits

all "punishment," providing "broader protection" than the Eighth

Amendment, "[a]lthough the exact contours of any additional safeguards

remain undefined . . . .").  However, the debate is irrelevant at this point,

4

since Plaintiff clearly states an excessive force claim under even the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 5 (1992)(Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline.").  Plaintiff alleges that he was prone on the floor with his hands behind his back, offering no resistance, when Redpath struck and kicked Plaintiff.

Accordingly, a constitutional excessive force claim will proceed against Defendant Redpath.  However, no federal claim is stated against Sheriff Williamson.  Williamson cannot be held liable for the constitutional violations of his subordinates solely because he is in charge.  Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  No plausible inference arises that Williamson participated in, directed, approved of, or turned a blind eye to the excessive force.  See Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement).  If Plaintiff is trying to sue Sangamon County, the County

is only liable under § 1983 if the constitutional violation was caused by an unconstitutional policy or practice implemented by the County.  <u>Rice ex rel. Rice v. Correctional Medical Services</u>, 675 F.3d 650, 675 (7th Cir. 2012)("In order to recover against a municipal or corporate defendant under section 1983, it is not enough for the plaintiff to show that an employee of the municipality or corporation violated his constitutional rights; he must show that his injury was the result of the municipality's or corporation's official policy or custom.").  No plausible inference of an unconstitutional policy or practice arises from the allegations.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for June 11, 2012 is cancelled.  The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a federal constitutional claim for excessive force against Defendant Redpath.  Any additional claims shall not be included in the case, except at the Court's discretion

on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendant Williamson is dismissed without prejudice for failure to state a claim against him.

4) Plaintiff alleges that Defendant Redpath no longer works at the Jail.  The Clerk is directed to send to Defendant Redpath at the Jail pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.  Upon receipt of these documents, the litigation coordinator at the Jail is directed to provide Defendant Redpath's forwarding address to the Clerk if Redpath no longer works at the Jail.  This information shall be used only for effecting service. Documentation of the address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)  If Defendant Redpath fails to sign and return a Waiver of Service sent to his correct address, the Court will take appropriate steps to effect formal service on him and will require him to pay the full costs

of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)  Defendant shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic

filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 30, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference.  The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

11)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendant for consideration.

ENTERED:  June 4, 2012

FOR THE COURT:

_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE